Herbert, J.,
dissenting. Although I do not recall reviewing a record more replete with prejudicial error in the admission of incompetent and improper evidence, I would reverse the judgment and remand the cause for a new trial if for no other reason than that portion of the charge to the jury by the trial court set forth in the per curiam opinion.
Since when is “strange conduct” or “alleged unusual circumstances” occurring near a defendant’s home evidence as to the guilt or innocence of such a person when charged with an offense such as here? There is no question that the prosecuting witness’s testimony in tMs case is revolting, and, if true, the defendant is guilty of the offense charged, but, guilty or not, he is still constitutionally entitled to a fair and impartial trial. As set forth in the per curiam opimon, the charge contained the language: “There has also been considerable evidence as to acts of the defendant on times other than those mentioned in the indictment. Now this evidence, for instance, of the acts on a trip taken in the middle of October, these acts do not and cannot directly prove the defendant guilty of the acts alleged on January the 3rd or February the 7th.”
Having carefully examined the record in tMs case, the writer cannot find any evidence of acts even related to the charge in the indictment confronting the defendant. And as to the *133 trip taken in the middle of October, even the prosecuting witness testified that nothing of a criminal nature occurred on that trip. The trial court then stated:
“This evidence was allowed for whatever effect you determine it might have on the alleged moral disposition and perversity of the defendant, it being a theory of the law that a person who has indulged in similar conduct at other times to that alleged in the indictments is more likely to have that type of moral disposition to commit the act alleged than one who has not indulged in such acts.”
I fail to see how in the light of such a charge any jury could come in with anything but a verdict of guilty as it did here. To me such a charge is completely prejudicial and erroneous, and the affirmance by this court of the judgments below automatically places a stamp of approval on such charge. Even the Court of Appeals considered the use of the language which I have quoted above as “unfortunate.” In my view when the use of language in a trial judge’s charge is “unfortunate” in the consideration of a reviewing court, it may call for a hairline decision as to whether such use is prejudicial or not, and, in order to insure a fair trial for the defendant in such a case, any doubts should be resolved in the defendant’s favor toward a reversal and a new trial. Not only this defendant’s liberty is in jeopardy but also his life-long reputation, and, if he is guilty beyond a reasonable doubt, that fact should be established in an impartial and unprejudicial trial which, the record in this case indicates in my opinion was not had.
Taut, J., concurs in the foregoing dissenting opinion.